RUSSELL, Judge
(dissenting).
I respectfully dissent.
The record reflects that Baker has worked for Lawler since 1979 and that since 1984 he has been the manager of the Thomasville branch office of Lawler and Company, a land surveying company, and that he “worked under” Lawler, a licensed land surveyor with an office also in Mobile, during the time the company performed work for the Hares. It further reflects that he told appellee Myra Hare that the company’s charges were $350 per day, with a half-day minimum charge, and that she told him to do the work. She testified that she thought that she was overcharged, but had no opinion as to what a fair charge would be.
*389 Baker’s testimony, and that of Lawler, verified the work done for the Hares, accounted for the hours charged, and established that the bill was unpaid. Additionally, two licensed land surveyors examined the documents evidencing the work done and the bill submitted and testified as to the reasonableness of the charges made. The Hares offered no expert testimony to contradict them. Baker testified that he was being told what to do by Lawler and that he talked with him over the phone and personally during the work for the Hares. Lawler testified that every time Baker would be doing something (on the survey), he would get field notes to him on what was being surveyed, which notes showed the distance measured, bearings he had run, and corners he had found, and that they sat down, went over the notes, and resized the section before Lawler signed and certified the plat.
It is the policy of this court to presume correct the findings of the trial court based upon competent evidence when the evidence is presented ore tenus. Such findings will not be disturbed on appeal if supported by the evidence, or any reasonable inference therefrom, unless they are plainly and palpably erroneous and manifestly unjust. First Alabama Bank v. Coker, 408 So.2d 510 (Ala.1982).
Based on my review of the record, I would find that there was more than adequate supervision of Baker’s work and that his talents were effectively used by the company, and I would further find that the trial court’s judgment is so unsupported by the evidence as to be plainly and palpably erroneous and manifestly unjust.
I would, therefore, reverse and remand with instructions to enter a judgment for the appellants for the amount proven to be charged and unpaid.
Additionally, I observe that out of a simple fee dispute ease, the trial court’s judgment, if it stands, may very well establish a new standard that could stifle a professional’s effective use of auxiliary personnel. Indeed, as the same pertains to licensed land surveyors, it appears to suggest that the licensee be on one end of the chain.